**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **WILLIAM W. ZUCK,** ) | **CASE NO. 4:10CV3203** |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **DIANE J. SABATKA-RINE, Warden,** ) | |
| **and ROBERT P. HOUSTON, Director,** ) | |
| **Nebraska Department of Correctional** ) | |
| **Services,** ) | |
| ) | |
| **Respondents.** ) | |

    This matter is before the court on Petitioner's Motion for Reconsideration (Filing No. 28), Motion to Appoint Counsel (Filing No. 30) and Notice of Appeal (Filing No. 31).

### I. Petitioner's Motion for Reconsideration

    On June 14, 2011, Petitioner filed a Motion for Reconsideration along with a brief in support. (Filing No. 28 and 29.) In his Motion and brief, Petitioner asks the court to reconsider its May 23, 2011, Memorandum and Order and Judgment. (*Id*.; *see also* Filing Nos. 26 and 27.) The court has carefully reviewed Petitioner's Motion and finds no good cause to reconsider its May 23, 2011, Memorandum and Order and Judgment.

### II. Petitioner's Motion to Appoint Counsel

    Petitioner has also filed a Motion to Appoint Counsel. (Filing No. 30.) However, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997), (citations omitted). As a general rule, counsel will not be appointed unless the case is unusually complex, the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is

required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994), (citations omitted); *see also* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of the pleadings and Petitioner's Motion, there is no need for the appointment of counsel at this time.

### *III. Petitioner's Notice of Appeal*

Also pending is Petitioner's Notice of Appeal. (Filing No. 31.) However, before Petitioner may appeal the dismissal of his Petition for Writ of Habeas Corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph(2).[1]

A certificate of appealability may issue only if the applicant has made a substantial

---

[1] Similarly, Federal Rule of Appellate Procedure 22(b), as amended by the AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. *See generally Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000), (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 894 (1983), (defining pre-AEDPA standard for a certificate of probable cause to appeal)).

Petitioner has not filed a motion for a certificate of appealability or a brief in support. (*See* Docket Sheet.) Thus, this matter cannot proceed on appeal until the question of the certificate of appealability is considered.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Reconsideration (Filing No. 31) and Motion to Appoint Counsel (Filing No. 30) are denied;

2. Petitioner shall have until July 28, 2011, to file a motion for certificate of appealability and brief in support;

3. In the event that Petitioner fails to file a motion and brief as set forth in this Memorandum and Order, the court will deny the issuance of a certificate of appealability without further notice; and

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: "July 28, 2011, check for COA."

DATED this 29th day of June, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.